UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALFRED PIRRI, JR.,

                        Plaintiff,

-v-

LORI CHEEK, JOANNE RICHARDS, LOCKE RAPER,
CHARLES KICKHAM, AND CHEEK'D, INC.,

                        Defendants.

19 Civ. 180 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/13/19

PAUL A. ENGELMAYER, District Judge:

Plaintiff Alfred Pirri, Jr., brings claims related to U.S. Patent No. 8,543,465 (the "Patent") against Lori Cheek, Locke Raper, Charlie Kickham, and Cheek'd, Inc., (together, the "Cheek'd Defendants"), and Joanne Richards, his former social worker. Pirri seeks to be added as an inventor on the Patent, pursuant to 35 U.S.C. § 256. He also brings (1) state-law claims against Richards, for breach of fiduciary duty and fraud and (2) state-law claims against the Cheek'd Defendants, for conversion and unjust enrichment.

The present action is Pirri's second lawsuit related to the Patent. In 2017, in *Pirri v. Cheek*, 17 Civ. 7089 (PAE), Pirri sought a declaratory judgment of patent invalidity and asserted the same four state-law causes of action raised here as well as a claim of unfair competition. The Court dismissed Pirri's claims for lack of subject matter jurisdiction without prejudice to his right to refile his state-law claims in state court or to file them in federal court provided that his new complaint adequately pled federal jurisdiction. *See* 17 Civ. 7089, Dkt. 64 at 11–12.

Defendants now move to dismiss Pirri's state-law claims pursuant to Federal Rule of Civil Procedure 12(b)(6) principally on the ground that those claims are time-barred. For the

following reasons, the Court grants the defendants' partial motion to dismiss in its entirety, and thereby dismisses all state-law claims.

I.  Background

A.  Facts[1]

In 2006, Pirri alleges, he conceived of an idea for a dating method that he calls "online dating in reverse," which involved distributing business cards that can unlock online dating profiles. Compl. ¶ 15. Participants in this dating method hand out business cards with basic information about themselves to people they find attractive. The business cards contain a code that the recipient can use to unlock more information about the cardholder. Under Pirri's idea, the cardholder would pay to create a website profile and for the cards, and the card recipient would pay a fee to access the profile. *Id.* ¶¶ 25–29.

On September 18, 2006, Pirri committed the idea to paper before a notary public, and in early 2007, he hired a patent attorney to conduct a patentability search. *Id.* ¶¶ 30–31. This search did not reveal an identical or even similar idea in any registered patent, pending patent application, or nonpatent application. *Id.* ¶ 32. The report of the attorney's search is dated January 24, 2007. *Id.* Pirri does not allege that, at any time before filing the 2017 action, he took any further step towards patenting his invention.

In 2008, Pirri alleges, he shared his dating-method idea, in confidence, with Richards, who was then assisting Pirri in her capacity as a social worker. *Id.* ¶ 39. Richards then passed

---

[1] The Court draws these facts principally from the Complaint. Dkt. 2 ("Compl."). *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). For purposes of the motion to dismiss under Rule 12(b)(6), the Court accepts all factual allegations in the Complaint as true, drawing all reasonable inferences in Pirri's favor. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

2

Pirri's idea on to defendant Cheek. *Id.* ¶ 41. Richards notified Pirri that she had shared his idea with Cheek, but she assured Pirri that Cheek would not pursue the idea and allegedly discouraged Pirri from initiating legal action. *Id.* ¶¶ 42, 45–48. Meanwhile, Pirri alleges, the Cheek'd Defendants filed, with Richards's knowledge, a patent application disclosing Pirri's invention. *Id.* ¶ 50. In the patent application submitted on November 1, 2010, the Cheek'd Defendants listed themselves as inventors and, on September 24, 2013, obtained the patent. *Id.*, Ex. A ("Patent") at 2. In July 2015, Pirri saw defendant Cheek on an episode of the reality TV show "Shark Tank" presenting the idea as her own. Compl. ¶ 58.

## B. Procedural History

On January 7, 2019, Pirri filed the Complaint, Dkt. 2, and, on January 22, 2019, with permission of the Hon. Valerie E. Caproni, to whom this case was initially assigned, a corrected Complaint, Dkt. 21.

On February 19, 2019, the case was transferred to this Court, after Pirri, pursuant to Local Civil Rule 1.6, disclosed his prior action before this Court relating to the Patent. Dkt. 15.

On April 3, 2019, the parties appeared for an initial pretrial conference. Pirri there agreed to voluntarily dismiss several claims. The following day, Pirri dismissed his claim against the Cheek'd Defendants for breach of fiduciary duty of confidentiality and his claims against Richards for unjust enrichment and correction of the inventorship of the Patent. Dkt. 32. On April 29, 2019, Pirri voluntarily dismissed his claims against all defendants for misappropriation of trade secrets, his claims against the Cheek'd Defendants for fraud, and his claims against Richards for conversion. Dkt. 36.

On April 15, 2019, defendants filed a joint motion to dismiss all remaining state-law claims, Dkt. 34, and a supporting memorandum of law, Dkt. 35 ("Def. Mem."). Defendants principally argue that Pirri's claims are barred by the applicable statute of limitations.

Defendants do not seek dismissal of Pirri's sole federal law claim—*i.e.*, to be added as an inventor on the patent. On April 29, 2019, Pirri filed a memorandum of law in opposition. Dkt. 37 ("Pl. Mem."). On May 6, 2019, defendants collectively filed a reply. Dkt. 39 ("Def. Reply").

## II. Applicable Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. For the purpose of resolving the motion to dismiss, the Court must assume all well-pled facts to be true, drawing all reasonable inferences in favor of the plaintiff. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A statute of limitations defense may be cognizable on a Rule 12(b)(6) motion to dismiss. Like other affirmative defenses, a defendant must plead and prove the lapse of a statute of limitations period. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (citing Fed. R. Civ. P. 8(c)(1)). But, as with other affirmative defenses, a defendant may raise a statute of limitations defense in a pre-answer motion to dismiss under Rule 12(b)(6) if the allegations in the complaint are such that "the defense appears on the face of the complaint." *Id.* (citation omitted).

4

## III. Discussion

Following Pirri's various voluntary dismissals, the Complaint brings two state-law claims against Richards (for breach of the fiduciary duty of confidentiality and fraud), and two state-law claims against the Cheek'd Defendants (for unjust enrichment and conversion). These claims all arise under New York law and implicate the applicable limitations periods. *Guar. Tr. Co. v. York*, 326 U.S. 99, 110 (1945).

Defendants argue that these claims are untimely. Under N.Y. C.P.L.R. § 203 (2009), the period within which an action may timely be commenced is ordinarily computed based on the point in time when liability for the wrong arises, even if the injured party is as-yet unaware of the wrong or potential claim. *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 403 (1993). As reviewed below, however, by statute, a distinct discovery rule applies in cases of fraud, under which an otherwise untimely claim may be brought within two years of the date when the fraud was discovered or could reasonably have been discovered, whichever is later. N.Y. C.P.L.R. §§ 203(g), 213(8). But merely invoking the word "fraud" does not trigger application of the exception. "[C]ourts will not apply the fraud statute of limitations if the fraud allegation is only incidental to the claim asserted; otherwise, fraud would be used as a means to litigate stale claims." *Kaufman v Cohen*, 760 N.Y.S.2d 157, 265 (1st Dep't 2003) (citing *Powers Mercantile Corp. v. Feinberg*, 490 N.Y.S.2d 190, 191 (1st Dep't 1985)).

### A. Pirri's Claims Against Richards

#### 1. Breach of Fiduciary Duty of Confidentiality

No single statute of limitations applies to a breach of fiduciary duty. Rather, the applicable statute of limitations turns on the substantive remedy that the plaintiff seeks. *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139 (2009). "Where the remedy sought is purely monetary in nature, courts construe the suit as alleging 'injury to property'

5

within the meaning of [N.Y. C.P.L.R. § 214(4)], which sets a three-year limitations period. Where . . . the relief sought is equitable in nature, the six-year limitations period of [N.Y. C.P.L.R. § 213(1)] applies." *Id.* (finding remedy to be primarily monetary in nature, even though plaintiffs also sought equitable relief) (citing *Yatter v. Morris Agency*, 682 N.Y.S.2d 198, 199 (1st Dep't 1998); *Loengard v. Santa Fe Indus.*, 70 N.Y.2d 262, 266 (1987)). Under New York law, "the limitations period for claims arising out of a fiduciary relationship does not commence until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated." *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 518–19 (2d Cir. 2001) (internal quotation marks and citations omitted); *see id.* (limitations period did not begin to run until receivership between bank and insurance corporation had been terminated). This rule protects a beneficiary from having to interrupt a productive, continuing fiduciary relationship to preserve the ability to institute a timely suit. *Id.* (citing *Greene v. Greene*, 56 N.Y.2d 86, 92, 94–95 (1982)).

Applying these standards to Pirri's claims, Pirri's claim of breach of fiduciary duty is clearly time-barred. Pirri claims that Richards breached her fiduciary duty of confidentiality when she disclosed Pirri's business idea to Lori Cheek. Compl. ¶ 96. Pirri seeks $5 million in damages for this alleged breach. *Id.* ¶ 103. In October 2008, according to Pirri's Complaint, Richards revealed this breach to Pirri when she confessed to Pirri that she had shared the dating method idea to Cheek. *Id.* ¶ 42. Pirri, however, did not take legal action at the time, *id.*, and on May 8, 2013, terminated his professional relationship with Richards, who later moved to Arizona, *id.* ¶¶ 62, 95. It is arguable—and the Court here assumes *arguendo*—that, although Richards' breach of fiduciary duty occurred in 2008 when Richards disclosed Pirri's idea to a third party, the limitations period did not begin to run until Pirri terminated their professional

relationship in 2013. Even so, because Pirri first brought this damages claim in January 2019, nearly six years after May 2013, it is quite untimely, when measured against the three-year limitations period for claims seeking monetary relief.

Pirri, likening this claim to a fraud claim, argues that it did not accrue until he had actual or constructive knowledge of the breach. Pl. Mem. at 9. Pirri asserts that he did not discover the breach until learning—while watching "Shark Tank" in July 2015—that the Cheek'd Defendants had applied for a patent based on his idea. *Id.* It is unlikely that the discovery rule applicable to fraud claims applies here. But even if it did, the breach of fiduciary duty claim would still be time-barred: The instant action was commenced in 2019, some three and one half years after July 2015, when Pirri admits learning of the Cheek'd Defendants' Patent.

### 2. Fraud

New York law provides that "a claim for fraud must be commenced either within six years from the commission of the fraud or within two years from the date that the fraud was discovered, or could reasonably have been discovered, whichever is later." *Guilbert v. Gardner*, 480 F.3d 140, 147 (2d Cir. 2007); *see also* N.Y. C.P.L.R. §§ 203(g), 213(8)). "The plaintiff bears the burden of establishing that the fraud could not have been discovered before the two-year period prior to the commencement of the action." *Guilbert*, 480 F.3d at 147. Furthermore, if circumstances would have "'suggest[ed] to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises, and if he omits that inquiry when it would have developed the truth . . . knowledge of the fraud will be imputed to him.'" *Armstrong v. McAlpin*, 699 F.2d 79, 88 (2d Cir. 1983) (quoting *Higgins v. Crouse*, 147 N.Y. 411, 411 (1895)).

Pirri's fraud claim, too, is time-barred, regardless whether the six-year limitations period dating from the fraud or the two-year period dating from its discovery applies. Relevant to the six-year limitations period, Pirri alleges that Richards made false representations to him between

2008 and 2009, Compl. ¶¶ 42–46, that the patent application was submitted in November 2010, Patent at 2, and that the Patent issued in September 2013, Patent at 2. If the six-year limitations period were to apply to Pirri's fraud claims, the latest date on which that six-year period would begin to run is November 2010, when the Cheek'd Defendants filed the patent application. It is not, as Pirri contends, September 24, 2013, the date the Patent was issued. That is because courts applying the New York statute of limitations to fraud claims hold that the time period begins when a plaintiff was first excluded from exercising legally protected rights—here, the time that the Cheek'd Defendants filed the patent registration application. *See, e.g., Ferring B.V. v. Allergan, Inc.*, 932 F. Supp. 2d 493, 510 (S.D.N.Y. 2013) (finding the first instance of defendant's exercise of control to the exclusion of plaintiff to be defendant's patent application, not the patent's issuance). Accordingly, using the six-year limitations period keyed to the date of the fraud, the Court finds that Pirri's fraud claims became untimely in November 2015.

Relevant to the two-year limitations period, Pirri claims that he discovered the fraud in July 2015 while watching re-runs of "Shark Tank." Compl. ¶ 58. Pirri's fraud claim therefore began to run at the very latest in July 2015, when he discovered the fraud, and arguably, earlier, in September 2013, when the Patent was publicly issued. Pirri, however, filed the Complaint in 2019, well over two years after either of those dates. Thus, Pirri's fraud claim against Richards is also time-barred.

### B. Pirri's Claims Against the Cheek'd Defendants

#### 1. Conversion

A three-year statute of limitations applies to conversion claims. N.Y. C.P.L.R. § 214(3) (2019). A cause of action for this tort accrues at the time of conversion regardless whether plaintiff then knew of the conversion. *United Teamster Fund v. MagnaCare Admin. Servs., LLC*, 39 F. Supp. 3d 461, 478 (S.D.N.Y. 2014) (citing *Herman v. Depinies*, 710 N.Y.S.2d 899, 899

8

(1st Dep't 2000)). Under New York law, a claim of conversion requires that the defendant, "'intentionally and without authority, assume[] or exercise[] control over personal property belonging to someone else,'" to the exclusion of the owner's rights. *Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 395 (S.D.N.Y. 2010) (quoting *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.S.2d 96, 100 (2006)).

Pirri's conversion claim is also clearly untimely. The alleged conversion accrued on November 1, 2010, when the Cheek'd Defendants filed the patent application. *See, e.g., Ferring*, 932 F. Supp. 2d at 510 (finding that claim of conversion accrued no later than when defendants first applied for patent). Pirri filed the instant Complaint in 2019, more than three years after his conversion claim accrued; therefore, that claim is time-barred.[2]

### 2. Unjust enrichment

Under New York law, the statute of limitations applicable to an unjust enrichment claim depends on the substantive remedy the plaintiff seeks. *Loengard v. Santa Fe Indus., Inc.*, 70 N.Y. 2d 262, 266 (1987). The limitations period is six years where a plaintiff seeks an equitable remedy, but three years where a plaintiff seeks monetary damages. *Ingrami v. Rovner*, 847 N.Y.S.2d 132 (2d Dep't 2007); *see Lia v. Saporito*, 909 F. Supp. 2d 149, 167 (E.D.N.Y. 2012); *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 261 (S.D.N.Y. 2008). The limitations period begins to run "upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 364 (2d Cir. 2013) (quotation marks and citation omitted).

---

[2] Pirri argues that conversion is ongoing because the Cheek'd Defendants continue to profit from Pirri's idea. He therefore urges that the limitations period start date be treated as refreshing each day that this profit-taking continues. Pl. Mem. at 8. But that theory would eliminate a possible time bar altogether in many, if not most, conversion claims, provided the defendant continued to make use of the converted property. Pirri has not cited—and the Court has not found—any case law to support this theory.

Even assuming that the monetary relief Pirri seeks is properly characterized not as a legal claim for damages but as an equitable claim for disgorgement, Compl. ¶ 80; *see Access Point Med., LLC v. Mandell*, 963 N.Y.S.2d 44, 46–47 (1st Dep't 2013), Pirri's unjust enrichment claim is time-barred. Pirri contends that the claim accrued when the Patent was issued in September 2013, because he was then legally barred from monetizing the idea himself. Pl. Mem. at 6. But for the same reasons discussed in connection with Pirri's fraud claim, the claim properly accrued when the Cheek'd Defendants filed the patent application, *i.e.*, in November 2010. *See Ferring*, 932 F. Supp. 2d at 513. Pirri's unjust enrichment claim thus became untimely, even assuming a six-year limitations period, in November 2016, more than two years before the Complaint was filed.

In any event, even if this particular claim were not time-barred, it would still not lie because it is duplicative of Pirri's untimely conversion claim. *See Sullivan v. Aventis, Inc.*, 14 Civ. 2939 (NSR), 2015 WL 4879112, at *10 (S.D.N.Y. Aug. 13, 2015) (dismissing unjust enrichment claim as duplicative where based on identical theory as other claims); *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) ("[A]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."). That is so even where the duplicated claim is defective, because where a plaintiff's "other claims are defective, an unjust enrichment claim cannot remedy the defects." *Corsello*, 18 N.Y.3d at 791. The claim against the Cheek'd Defendants for unjust enrichment here is based on the very same facts and theory of wrongful conduct and seeks the same relief as the untimely conversion claim Pirri brings against them. Pirri therefore cannot use his unjust enrichment claim to evade the time bar that precludes his conversion claim.

10

## CONCLUSION

For the foregoing reasons, the Court grants defendants' partial motion to dismiss in its entirety. The Court dismisses, with prejudice, Pirri's state-law claims as untimely. The Court respectfully directs the Clerk of Court to terminate the motions pending at Dkts. 33, 34, and 36.

Discovery will now commence on the one surviving claim—Pirri's federal-law claim to be listed as an inventor of the Patent. By Thursday, June 20, 2019, the parties are to submit a revised case management plan, consistent with the Court's individual rules, that provides for the close of fact discovery by the end of October 2019.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: June 13, 2019
      New York, New York