UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/19

ALFRED PIRRI, JR,

                                Plaintiff,

-v-

LORI CHEEK, JOANNE RICHARDS, LOCKE RAPER,
CHARLES KICKHAM AND CHEEK'D, INC.,

                                Defendants.

19 Civ. 180 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

      On June 13, 2019, this Court issued a decision granting defendants' motion to dismiss all but one of plaintiff Alfred Pirri's claims. Defendants now move for sanctions, pursuant to Federal Rule of Civil Procedure 11, for attorneys' fees incurred in defending against Pirri's "prosecution of meritless New York State law claims" both in the present action and in the prior litigation (*i.e.*, *Pirri v. Cheek*, 17 Civ. 7089 (PAE)). Dkt. 43 ("Def. Mem.") at 1, 7. District courts have "broad discretion to impose Rule 11 sanctions." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990). For the following reasons, the Court, in its discretion, finds that an award of attorneys' fees is not warranted here.

      First, as defendants acknowledge in their supporting memorandum, the purpose of Rule 11 sanctions is not to compensate the moving party, Def. Mem. at 7, but rather "to deter parties from abusing judicial resources." *Cooter*, 496 U.S. at 411. That interest is not implicated here. The Court, when it explicitly dismissed the prior action, did so without prejudice to Pirri's right to refile his Complaint in federal court. That the state-law claims contained in Pirri's amended complaint proved time-barred was not abusive. While the Court ruled against Pirri, finding his

arguments as to tolling and related concepts meritless, Pirri's arguments were responsible and not frivolous.

Second, Pirri's counsel, to his credit, has been respectful of judicial resources in other litigation decisions. In particular, he voluntarily dismissed several of the claims against various defendants, obviating the need for full briefing on defendants' motion to dismiss those claims. *See* Dkts. 32, 36. This decision, too, helped conserve defense resources.

Accordingly, the Court denies defendants motion for attorneys' sanctions. The Court respectfully directs the Clerk of Court to terminate the motion pending at Dkt. 47.

SO ORDERED.

                                              PAUL A. ENGELMAYER
                                              United States District Judge

Dated: June 25, 2019
       New York, New York