UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/19

------------------------------------------------------------

ALFRED PIRRI, JR.,

                     Plaintiff,

-v-

LORI CHEEK, JOANNE RICHARDS, LOCKE RAPER,
CHARLES KICKHAM, and CHEEK'D, INC.,

                     Defendants.

19 Civ. 180 (PAE)

OPINION & ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

This decision resolves a motion by plaintiff Alfred Pirri, Jr., to amend his initial complaint. Pirri seeks to add (1) an alternative claim under 35 U.S.C. § 256 to add a John Doe and others as inventors on U.S. Patent No. 8,543,465 ("the '465 Patent") and (2) two supplemental claims for defamation and defamation *per se* against defendant Lori Cheek.

This Court has twice pruned Pirri's claims against defendants. First, in *Pirri v. Cheek*, 17 Civ. 7089 (PAE), the Court dismissed without prejudice Pirri's claim for a declaratory judgment of patent invalidity and various state-law claims. The Court found that it lacked subject matter jurisdiction over Pirri's claims and explained that Pirri could either refile his claims in state court or bring them in federal court so long as he could adequately plead federal jurisdiction. *See* 17 Civ. 7089, Dkt. 64 at 11–12. Second, on June 13, 2019, after Pirri initiated a new action, the Court issued an Opinion & Order granting defendants' motion to dismiss the state-law claims and terminating Joanne Richards, Pirri's former social worker, as a defendant in this case. Dkt. 41. The dismissed claims included ones for breach of fiduciary duty and fraud against Richards and claims of conversion and unjust enrichment against the remaining defendants. The

decision left intact Pirri's one federal claim, for correction of inventorship, under 35 U.S.C. § 256.

Pirri's pending motion to file an amended complaint thus represents his third attempt to bring claims against defendants. For the following reasons, the Court denies Pirri's motion.

## I. Background[1]

### A. Initial Factual Allegations

Pirri claims that in 2006 he conceived of a dating idea known as "online dating in reverse." Compl. ¶ 15. The idea involves participants handing out business cards containing basic information about themselves to people they find attractive. These business cards also contain a code that, when entered on a website, allows recipients to learn more information about the cardholder. The individuals implementing this idea would make money by charging a fee for participants to set up a website profile and a fee to access the profiles of others. *Id.* ¶¶ 25–29.

On September 18, 2006, Pirri claims, he memorialized his idea in a notarized written document. *Id.* ¶ 30. In early 2007, he hired a patent attorney to conduct a patentability search "to ensure that his idea is, indeed, novel and, as such, could be patented." *Id.* ¶ 31. The attorney produced a report dated January 24, 2007, which confirmed that "no identical nor similar ideas were ever disclosed in registered patents, pending patent applications and nonpatent publications." *Id.* ¶ 32. Neither the initial complaint nor the PAC contains any allegation that Pirri took any further steps toward patenting this idea.

In 2008, Pirri allegedly shared his idea with Joanne Richards, his social worker. *Id.* ¶ 39. Despite sharing this idea with Richards in confidence, Pirri claims that Richards disclosed his

---

[1] The account of the case's underlying factual allegations is drawn from Pirri's initial complaint, Dkt. 8 ("Compl."), and proposed amended complaint, Dkt. 57-1 ("PAC").

2

idea to defendant Cheek. *Id.* ¶ 41. Pirri claims that Richards told him that she had shared his idea, that Cheek would not use his idea, and that he should not initiate any legal action against her or Cheek. *Id.* ¶¶ 42, 45–48. In August 2009, Pirri continued discussing his idea with Richards, but he alleges that she discouraged him from taking any steps to patent the idea. *Id.* ¶ 46. On November 1, 2010, Cheek and the remaining defendants filed a patent application with the United States Patent and Trademark Office ("USPTO"). *Id.*, Ex. A ("Patent") at 2. The application listed the defendants as inventors, and, on September 24, 2013, they obtained the patent. *Id.* In July 2015, Pirri claims that he saw Cheek on an episode of the TV show "Shark Tank," during which she presented the idea as her own. Compl. ¶ 58.

**B.     Proposed Amended Complaint**

To the above allegations, which also appear in the PAC, Pirri now adds several. First, he now alleges that Cheek has stated in interviews that she attended a dinner in February 2008 at which one of her work colleagues, John Doe, wrote a pick-up line on the back of a business card and handed it to a woman at a nearby table. PAC ¶ 67. He claims that John Doe left the dinner with a date and that Cheek left with a business idea. *Id.* ¶ 68. Pirri contends that these actions establish that John Doe should be listed, with him, as a co-inventor of the '465 patent. *Id.* ¶ 69.

Second, Pirri further alleges that, by Cheek's own admission, this idea—online dating in reverse—was actually the product of her brainstorm sessions with approximately 20 different individuals. *Id.* ¶¶ 73–74. Accordingly, Pirri claims that Cheek committed fraud when she signed the inventor oath swearing that the information in her patent application was accurate. *Id.* ¶¶ 80–90.

Third, Pirri now claims that Cheek has defamed and slandered him. In March 2019, Pirri claims, Cheek posted an update to her social media account that expressed her desire for retribution against Pirri and solicited the public's help in obtaining it. *Id.* ¶ 92. Specifically, she

3

wrote that she wanted to "out" Pirri as a homosexual man and, according to Pirri, thereby embarrass him. *Id.* ¶¶ 93–94. Pirri also claims that Cheek started a Go Fund Me campaign to help pay for this lawsuit and that the Go Fund Me page contained a link to an article titled "Seemingly Crazy Man Alfred Pirri Jr [sic] Claims Cheek'd Stole Dating App Idea Via Therapist." *Id.* ¶¶ 96–99. Pirri claims that providing the link to this article also constituted defamation because he does not suffer from mental health issues and has never been a patient in a mental health facility. *Id.* ¶¶ 100–103. In addition, Pirri claims that Cheek defamed him to several individuals, including: (1) Congressman Jerald Nadler in a letter in which she states that Pirri thought of the dating app idea "while in a mental facility," *id.* ¶¶ 104–14; (2) Steven Thrasher, an individual who responded to Cheek's Go Fund Me Campaign with a note saying that he "get[s] angry when psychos sue Inventors and try to steal their ideas," *id.* ¶¶ 115–17; (3) Aarom Elstein, a reporter who emailed Pirri's counsel a message stating that "Cheek tells me that Pirri is scammer, grifter and troll (her words) who stole her idea for an online dating service after seeing her make a pitch for it on Shark Tank," *id.* ¶¶ 124–26; and (4) Jenny Block, another reporter who published an article that quotes Cheek as saying "this type of 'trolling with intent to steal' other people's startup ideas is an epidemic," *id.* ¶¶ 129–132.

C. **Procedural History of Pirri's Motion to Amend**

On July 15, 2019, Pirri filed the motion to amend the complaint and a supporting memorandum of law. Dkt. 55. On the same day, Steven R. Fairchild, Esq., filed a corrected supporting declaration, Dkt. 57, and accompanying exhibits. On July 18, 2019, the Court issued an order that authorized defendants to file a response to Pirri's motion by August 3, 2019. Dkt. 58. On August 2, 2019, defendants filed their opposition. Dkt. 59.

4

## II. Applicable Legal Standards

A court "should freely give leave" for a party to amend its complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court should deny a motion to amend if there is "evidence of undue delay ... or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed pleading is futile if it could not withstand a dispositive motion—that is, if it fails to state a claim upon which relief could be granted. *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87–88 (2d Cir. 2002).

## III. Discussion

Pirri seeks to amend his complaint to include (1) a claim to add John Doe as an inventor on the '465 Patent and (2) claims for defamation and defamation *per se* against Cheek for various statements she allegedly made after the commencement of this action. The Court finds that both amendments would be futile and therefore denies Pirri's motion to amend.

### A. Adding John Doe as Inventor

Pirri seeks to add to his existing claim seeking to add himself as an inventor on the '465 Patent, allegations that John Doe, and upwards of 20 other individuals, should be listed as co-inventors. He claims that Cheek willfully made a wrong statement to the USPTO by filing the patent application without including the names of these other individuals. Pirri, however, has failed to establish that he has standing to assert such a claim on behalf of John Doe or any alleged co-inventor other than himself.

The Federal Circuit has explained that: "a plaintiff seeking correction of inventorship under § 256 can pursue that claim in federal court only if the requirements for constitutional standing—namely injury, causation, and redressability—are satisfied." *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1326 (Fed. Cir. 2009). "A plaintiff challenging inventorship meets the

5

Article III burden by showing an ownership interest in the patent, a concrete financial interest in the patent, or a concrete and particularized reputational injury arising from the omission as a named inventor on the patent." *Eastwood v. Molecular Defs. Corp.*, 373 F. Supp. 3d 502, 506 (S.D.N.Y. 2019) (internal quotation marks and citations omitted).

Pirri has not met this standard. His memorandum of law in support of his motion to amend merely describes the claim he would like to add. But it does not articulate any ground on which he would have standing to bring those claims. Specifically, Pirri has not offered any theory under which defendants' failure to include other inventors on the '465 Patent has injured him. Pirri's proposed amended claim would therefore be dismissed for failure to allege a cognizable injury-in-fact and thus for lack of standing under Federal Rule of Civil Procedure 12(b)(1). The Court therefore denies Pirri's request to file an amended complaint to add a claim to add John Doe, or any individual other than himself, as a co-inventor on the '465 Patent.

### B. Adding Defamation Claims under 28 U.S.C. § 1367(a)

Pirri's request to add claims of defamation and defamation *per se* against Cheek are just as easily dispatched. That is because an amendment to add such claims would be futile, insofar as the Court lacks supplemental jurisdiction over them.

Federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Federal and state law claims are part of the same case or controversy if they share "a common nucleus of operative fact." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997). Claims share a common nucleus of operative fact if "the facts underlying the federal and state claims substantially overlap[] or the federal claim necessarily br[ings] the facts underlying the

6

state claim before the court." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (internal quotation marks, alterations, and citations omitted).

Here, the facts underlying the defamation claims and the inventorship claims rely on unrelated facts that occurred nearly a decade apart. First, Pirri's existing claim for the correction of inventorship, as alleged, occurred sometime between 2006 and 2010; whereas the facts giving rise to the defamation claim all occurred in 2019. Second, the legal tests for Pirri's claims implicate different facts. Under New York law, to establish a claim of defamation, Pirri must prove that: "(1) the defendant published a defamatory statement of fact to a third party, (2) that the statement of fact was false, (3) the false statement of fact was made with the applicable level of fault, and (4) either the false statement was defamatory *per se* or caused the plaintiff special harm." *Medcalf v. Walsh*, 938 F. Supp. 2d 478, 485 (S.D.N.Y. 2013) (citing *Chandok v. Klessig*, 632 F.3d 803, 814 (2d Cir. 2011)). In contrast, to establish that he is a joint inventor of the '465 Patent, Pirri must show that he "(1) contribute[d] in some significant manner to the conception or reduction to practice of the invention, (2) ma[de] a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) [did] more than merely explain to the real inventors well-known concepts and/or the current state of the art." *Yeda Research & Dev. Co. v. Imclone Sys. Inc.*, 443 F. Supp. 2d 570, 617 (S.D.N.Y. 2006). These claims clearly turn on different events occurring at vastly different time periods. As such, they are not properly resolved in the same lawsuit. *Cf. Semi-Tech Litig. LLC v. Bankers Tr. Co.*, 234 F. Supp. 2d 297, 300 (S.D.N.Y. 2000) (declining to exercise supplemental jurisdiction where the federal and state claims did "not arise from a common nucleus of operative fact and [were] not such as one reasonably would expect to try in the same proceeding").

7

The Court therefore holds that it lacks supplemental jurisdiction to hear Pirri's proposed claims of defamation and defamation *per se*. Pirri, of course, is at liberty to pursue such claims in a separate action, in a court of competent jurisdiction. But he cannot do so here, where any amendment to add such claims would be futile.

Even if the Court had supplemental jurisdiction, the Court would decline to exercise it in this case. The Court has the authority to decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). In determining whether to do so, the Court must balance the "considerations of judicial economy, convenience and fairness to litigants." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Here, none of these factors favor exercising pendent jurisdiction over Pirri's defamation claims. On two occasions already, the Court has narrowed Pirri's claims to the heart of the parties' dispute—whether Pirri should be listed as a co-inventor on the '465 Patent. Discovery has already commenced on that claim, and the interest of judicial economy favors limiting discovery to facts pertinent to that claim and completing discovery on the schedule as set. Adding new claims of a fundamentally different character would upend the existing case management plan and put off substantially the date when Pirri's existing claim to inventorship could be litigated to completion. The Court therefore holds that even if it could lawfully exercise pendent jurisdiction, it would elect not to do so.

## CONCLUSION

For the foregoing reasons, the Court denies Pirri's motion for leave to amend with prejudice. The Court respectfully directs the Clerk of Court to terminate the motion pending at Dkt. 55.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: August 20, 2019
       New York, New York